# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. CR411-249 |
| | ) | |
| ANAISSA BETH GERWALD | ) | |

## O R D E R

Defendant Anaissa Beth Gerwald has submitted three letters to the Court asserting her innocence, asking that an extradition to Oregon be blocked, and complaining of conditions of confinement, denial of bond, and her counsel's performance. (Docs. 12, 14, & 16.) She has also filed a motion for release from jail. (Doc. 20.) Since she is represented by counsel, her motion and letters, to the extent they can be construed as motions, are **DENIED** as legal nullities. *See Cross v. United States*, 893 F.2d 1287, 1291-92 (11th Cir. 1990) (a defendant who is represented by counsel has no right to act as his own co-counsel — i.e., there is no right to "hybrid representation" partly by counsel and partly by defendant). Her attorney, however, is **DIRECTED** to discuss these matters with her client, if she has not already done so. If Gerwald persists in her belief that her attorney is not acting in her best interest, then she may file a formal

motion for appointment of substitute counsel. Gerwald is advised, however, that as an indigent she does not enjoy the right to counsel of her own choosing. *United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973) ("Although an indigent criminal defendant has a right to be represented by counsel, he does not have a right . . . to demand a different appointed lawyer except for good cause," and a court will not find "good cause" absent a showing that defendant's appointed counsel cannot provide adequate assistance.); *Thomas v. Wainwright*, 767 F.2d 732, 742 (11th Cir. 1985); *see Morris v. Slappy*, 461 U.S. 1, 11-15 (1983) (declining to create a Sixth Amendment right to a "meaningful attorney-client relationship").

    **SO ORDERED** this 22nd day of February, 2012.

*/s/ J.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA