# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| ANAISSA B. GERWALD | ) | |
| | ) | |
| v. | ) | Case No. CV412-252 |
| | ) | CR411-249 |
| UNITED STATES OF AMERICA | ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Anaissa Beth Gerwald moves for 28 U.S.C. § 2255 relief. CR411-249, docs. 69 & 121.[1] She also has filed a blast of other motions so frivolous[2] that the government moves to be relieved of having to file any further responses. Docs. 129-35, 142-43, 147, 149, 156 & 157. The Court denies her other motions outright, docs. 129-35, 142, 143, 147, 149, 156, and grants the government's "no mas!" motion. Doc. 157. The district judge should also deny her § 2255 motions, docs. 69 & 121,

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper document's printed pagination.

[2] Just one example is her "Motion to Suspend Sentence Pending 2255 Decision." Doc. 156. Basically, she wants to get out of prison while the Court considers her § 2255 motions. She reasons that because she has served more than 80% of her sentence and needs medical attention, she must get back to work for her and her family's needs. Plus "the enhancements" to her sentence have been declared "illegal" by the U.S. Supreme Court, and she never agreed to her sentence, etc., so the Court should set her free. "Per Justice." *Id.* at 1-2. At best these "arguments" constitute the mental maunderings of an unabashed fantasist.

which for the most part are bereft of coherent legal arguments, let alone record cites, and are ultimately baseless.

## I. BACKGROUND

An Oregon information charged Gerwald with one count of bankruptcy fraud, in violation of 18 U.S.C. § 152(1). *United States v. Meraw*, Case No. 11-CR-60119, District of Oregon, Doc. 36. She consented under Fed. R. Crim. P. 20 to the transfer of that case to this district. Doc. 23. Here a grand jury returned a four count indictment charging her with false statements in bankruptcy, in violation of 18 U.S.C. § 152(3) (Counts 1 and 3); and bankruptcy fraud, in violation of 18 U.S.C. §§ 157(2) and (3) (Counts 2 and 4). Doc. 1.

Before this Court Gerwald (who has sometimes used her former married name, Ann E Meraw, doc. 23 at 1; doc. 88 at 31; PSI at 3), entered guilty pleas in both cases and was sentenced to 28-month, concurrent imprisonment terms. Doc. 55 at 2. The charges to which she pled were explained to her by the district judge during her guilty-plea hearing. Doc. 88 at 14-15 ("In the Oregon case, the information in that case, Ms. Gerwald, charges in Count 1 that on or about April 27, 2007, in the

2

District of Oregon, that you knowingly and fraudulently filed a false bankruptcy petition, and that you concealed assets that belonged to you, including a house worth approximately $389,000, and a tow truck company worth approximately $440,000, from a custodian, trustee, marshal and other officers of the Court charged with the control or custody of property, or in connection with your bankruptcy case under Title 11 from creditors and the United States Trustee. As a result of your failure to disclose these assets, the U.S. Bankruptcy Court for the District of Oregon discharged approximately $77,992 of credit card and other debt that you had incurred, all done in violation of 18 United States Code, Section 152(1)."); *id.* at 15 ("In the case out of the Southern District of Georgia, the indictment, you have been charged in that case in four counts. Counts 1 and 3 of the indictment charge you with false statement in bankruptcy, in violation of 18 United States Code, Section 152(3). And Counts 2 and 4 charge you with bankruptcy fraud, in violation of 18 United States Code, Section 157(2) and 6 (3).").

Under oath (doc. 88 at 5-6), Gerwald swore that she understood these charges and that, in her plea agreement with the government, she

agreed to plead guilty to Count 1, charging her with false statement in bankruptcy, and reap a material benefit: the government would dismiss Counts 2, 3, and 4 of that indictment. *Id.* at 16-17. She said she understood that in both cases she faced up to a five-year sentence. *Id.* at 17-18. She also understood that she was giving up her direct and collateral appeal rights in her Oregon case. *Id.* at 19-20. Hence, she would waive all of those rights in exchange for substantial material benefits: government sentencing promises, dropped charges, and reduced sentence exposure. *Id.* at 23.

Even though Gerwald pled to, was convicted, and was sentenced under the Oregon case -- the very case in which she agreed to waive her direct and collateral appeal rights -- she now seeks § 2255 relief against that conviction. Docs. 69 & 121. And even though she agreed to plead to Count 1 of the Georgia indictment in exchange for the aforementioned benefits, doc. 88 at 23-24, she now wants to undo that, too. To support that result she insists, *inter alia*, that her plea was "unlawfully induced or not made voluntary [sic] or with understanding of the nature of the charges and the consequences of the plea." Doc. 69 at 5. It is

undisputed, meanwhile, that her 28-month concurrent sentences were within both the statutory maximum and the advisory sentencing guidelines range. PSI at 17; doc. 55.

## II. ANALYSIS

The Oregon plea waiver specified that:

> So long as the Court does not sentence defendant to a term of incarceration which exceeds the statutory maximum, [Gerwald] agrees to waive all rights she would otherwise have to appeal her convictions or sentence on any ground whatsoever. Defendant also agrees not to file a habeas petition under 28 U.S.C. § 2255, or any other similar post conviction petition or motion, on any ground, except for ineffective assistance of counsel or retroactive amendments to the Guidelines. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.

Doc. 54 at 7; *see also id.* at 3.

Gerwald invokes no retroactive amendment to the U.S. Sentencing Guidelines, and her ineffective assistance claims[3] are outlandish to say

---

3  On *pre-plea* ineffectiveness claims the Court is guided by *Hill v. Lockhart*, 474 U.S. 52 (1985), which advanced a slightly modified version of the two-prong ineffective assistance of counsel test first announced in *Strickland v. Washington*, 466 U.S. 668 (1984). Where a movant enters a plea of guilty and then collaterally challenges it as involuntary due to constitutionally deficient representation, he must first demonstrate that his attorney's performance was deficient, which requires a showing that counsel's advice regarding the plea was outside the "range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)); *see Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Then he must demonstrate that the defective performance prejudiced the

the least. Doc. 69 at 5, 6-7. All of them hinge on her claim that her attorneys (her Oregon public defender, then her appointed Georgia counsel) in some way pressured her to plead guilty. Doc. 69 at 6-10. Such claims, however, directly contradict what she swore under oath to be true during her guilty-plea hearing:

> Q. Are you satisfied with your lawyer and the way that she has represented you in these cases?
>
> A. Yes.

Doc. 88 at 14.

> Q. Ms. Gerwald, has anyone done anything that you consider to be wrong or unfair which has forced you to plead guilty?
>
> A. No.

Doc. 88 at 21.

---

plea process to such a degree that the plea cannot be trusted. *Hill*, 474 U.S. at 59. Where the alleged deficiency of counsel is a failure to investigate or discover potentially exculpatory evidence, the prejudice showing will depend on the likelihood that the evidence would have led counsel to change his recommendation as to the plea, and thus whether the evidence would likely have changed the outcome of the trial. *Stano v. Dugger*, 921 F.2d 1125, 1149-51 (11th Cir. 1991); *McCoy v. Wainwright*, 804 F.2d 1196, 1198-99 (11th Cir. 1986).

On *plea-based* ineffective assistance claims the Court, in a waiver context like this, requires that the movant show ineffectiveness that directly affects the validity of the plea (e.g., the attorney deliberately misled his client and the Rule 11 plea colloquy did not unearth that fact). *Smith v. United States*, 2013 WL 6632637 at * 1 (N.D. Ill. Dec. 16, 2013); *McClendon v. United States*, CV613-113, doc. 2 at 6-7 (S.D. Ga. Jan. 27, 2014) (non-plea related ineffectiveness is not enough to surmount a double waiver).

Of course, the time for Gerwald to claim that counsel "pressured" her to plead guilty by insisting she "had no choice" but to plead guilty was *then*, not now.[4] This claim, which is unsupported by record cites and outlandish assertions (*see, e.g.,* doc. 69 at 6-7), is rejected on the merits. The same must be said for the rest of the pre-plea threats and

---

4 "[T]he representations of the defendant [at a Fed. R. Cr. P. 11 plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also United States v. Anderson*, 384 F. App'x. 863, 865 (11th Cir. 2010) ("There is a strong presumption that statements made during a plea colloquy are true."). Gerwald's Rule11 representations are presumptively trustworthy and considered conclusive absent compelling evidence to the contrary. She "bears a heavy burden to show [her] statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). She has failed to show that. Indeed, she simply ignores her Rule 11 representations outright. *Mitchell v. United States*, 2013 WL 6490560 at *12 (N.D. Ala. Dec. 10, 2013) (rejecting guilty-plea based ineffective assistance claim on similar basis: "Here, Mitchell offers no evidence to contradict his statements during the plea colloquy that he was fully satisfied with Armstrong's representation.").

Too, she has failed to demonstrate *Strickland* prejudice. To do so, she would have to demonstrate "that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Lockhart*, 474 U.S. at 59; *Cole v. United States*, 2011 WL 4899988 at * 4 (N.D. Ind. Oct. 14, 2011) (rejecting double-waiver § 2255 movant's "contention that he was wrongly sentenced as a career offender, or that he would not have pleaded guilty if he had known that he was going to be designated a career offender . . . . [He] was specifically informed at his plea hearing that his ultimate sentence could not be calculated until the Court received his presentence investigation report from the U.S. Probation Department."). Gerwald has not even come close to demonstrating that here (i.e., show that competent counsel would have dismembered so much of the government's case that she would not have accepted the plea deal, much less that no competent attorney would recommend it; note, in that regard, her above plea colloquy confirming that she committed the crimes alleged in the two districts, along with her current motion's cynical "they-forced-me-to-plead" assertions).

7

promises by Gerwald's lawyers, *see id.* at 7-10:

> Q. Ms. Gerwald, has anyone done anything that you consider to be wrong or unfair which has forced you to plead guilty?
>
> A. No.

Doc. 88 at 21.

All of Gerwald's § 2255 factual assertions go to moments in time *before* she said "no" to the district judge. She does not even attempt to explain the contradiction. Nor has she demonstrated that her convictions or sentences constituted a miscarriage of justice, or that any constitutional violation occurred in either district. Furthermore, the government correctly notes that: (a) the rest of her claims are either procedurally defaulted because she failed to raise them on appeal and she has failed to show cause and prejudice; (b) abandoned[5] for lack of argument and citation to the record; and (c) waived by her guilty plea (i.e., her pre-plea claims like her unlawful arrest, doc. 69 at 5). Doc. 137.

---

5 Many claims are simply "laundry-listed," doc. 69 at 5, and thus require no further analysis. It has been Gerwald's burden to plead facts and law to establish actionable § 2255 claims. She cannot simply create a laundry list of claims and rely on the Court to develop them for her. Hence, they are abandoned. *See, e.g., Bartley v. United States*, 2013 WL 6234694 at * 2-3 (S.D. Ga. Dec. 2, 2013) (citing *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) and *Chavez v. Sec'y Fl. Dep't of Corrs.*, 647 F.3d 1057, 1061 (11th Cir. 2011)).

Within Gerwald's blizzard of facially frivolous motions is a one-page, "Motion to Vacate Enhancement and Declare Time Served," which the Clerk docketed as a second "Motion to Vacate." Doc. 121. She insists (without any legal citation) that that "on June 17, 2013 the law has changed eliminating enhancements. . . ." Apparently she read *Alleyne v. United States*, 570 U.S.___, ___, 133 S. Ct. 2151, 2155 (2013) (extending what's known as the *Apprendi* doctrine to statutory minimum penalties by holding that "any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury"). She apparently reasons that, *despite having pled guilty*, somehow *Alleyne* can be applied to her case. It cannot because there was no jury trial in her case. Indeed, she waived her jury trial rights by pleading guilty. Plus "*Alleyne's* rule does not apply retroactively on collateral review." *Chester v. Warden*, 2014 WL 104150 at * 4 (11th Cir. Jan. 13, 2014). Gerwald's second "motion to vacate" (doc. 121), then, must also be denied.

## III. CONCLUSION

The Court **DENIES** Anaissa Beth Gerwald's miscellaneous motions, docs. 129-35, 142, 143, 147, 149, 156, and **GRANTS** the

government's "no mas!" motion. Doc. 157. Her 28 U.S.C. § 2255 motions (docs. 69 & 121) should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this __6th__ day of February, 2014.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA